**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**UNITED STATES OF AMERICA,**

**vs.**                                         **Case No. 4:90cr4051-WS
Case No. 4:10cv99-WS/WCS**

**NATHANIEL JAMES,**

    **Defendant.**

_____/


## REPORT AND RECOMMENDATION ON RULE 12(b) MOTION

Defendant Nathaniel James filed a "MOTION TO DISMISSAL OF THE INDICTMENT ON THE BASIS THAT IT WAS IMPROPERLY OBTAINED THROUGH USE OF IMMUNIZED TESTIMONY BEFORE THE GRAND JURY AND THE TRIAL AND SENTENCE HEARING THE CHALLENGE OF THE INDICTMENT IS PROPER PURSUANT TO FED.R.CRIM.P. RULE 12(b)(1), (b)(2)." Doc. 671 (uppercase and errors as in original). He also filed a motion to proceed in forma pauperis. Doc. 673.

Rule 12(b) governs pretrial motions. In the current version of the rule, Subsection (b)(1) provides that Fed.R.Crim.P. 47 applies to pretrial motions, and subsection (b)(2) provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue."

Motions which must be made before trial are set forth in Fed.R.Crim.P. 12(b)(3), and include motions alleging a defect in instituting the prosecution or a defect in the indictment or information, except that a claim that the indictment or information fails to invoke jurisdiction or state an offense may be raised "at any time while the case is pending." Rule 12(b)(3)(B). It may be that Defendant means to rely on this part of the rule.[1]

Defendant asserts that the indictment violated an immunity agreement and plea agreement in the Southern District of Florida. He alleges that prior to trial his attorney filed a motion to dismiss the indictment, arguing that the Assistant United States Attorney in this district obtained information through the Southern District in violation of the immunity agreement.

This is not a motion made prior to trial or while the case is pending pursuant to Rule 12. Defendant was sentenced in 1991, and the judgment was affirmed in 1993. *See* doc. 622 (paper docket scanned into the electronic docket as doc. 622).

Defendant is in custody and seeks relief from his conviction and sentence, relief which is available – if at all – pursuant to 28 U.S.C. § 2255. Defendant previously filed a § 2255 motion which was denied on the merits. Docs. 517 and 526 (report and recommendation as adopted by the court). A certificate of appealability was denied by this court and the court of appeals. Docs. 535 and 541.

---

[1] Stylistic changes were made when Rule 12 was amended in 2002. *See* Rule 12, Advisory Committee Notes to 2002 Amendments. From the time of Defendant's 1989 sentencing up until the 2002 amendment, Rule 12(b)(1) provided that defenses or objections to institution of the prosecution had to be raised before trial; 12(b)(2) provided that defenses and objections to defects in the indictment or information (other than failure to invoke jurisdiction or to charge an offense, which could be raised at any time during pendency of the proceeding), had to be raised before trial.

Defendant must obtain authorization from the Eleventh Circuit before filing a second or successive § 2255 motion. § 2255(h) (referencing § 2244); § 2255 Rule 9 ("[b]efore presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8.").[2] Defendant has repeatedly been advised that, regardless of how he labels it, this court cannot consider a challenge to the validity of his conviction or sentence unless the Eleventh Circuit grants authorization for filing a second or successive § 2255 motion.[3] *See*, docs. 578 and 579 (report and recommendation as adopted, dismissing motion for reconsideration of the judgment); docs. 583 and 585 (report and recommendation as adopted, dismissing motion to recall judgment pursuant to writ of audita querela); doc. 591 (denying motion to recall judgment nunc pro tunc); doc. 593 (denying motion to preserve right to file § 2255 motion); docs. 612 and 614 (report and recommendation as adopted, summarily denying motion for question of the law); docs. 619 and 620 (report and recommendation as adopted, denying Fed.R.Civ.P. 60(b) motion challenging judgment and sentence).

---

[2] Rule 9 was last amended in 2004; § 2255 was last amended in 2008, to assign letters to the paragraphs. § 2255 ¶ 8 (including subsections (1) and (2) as referenced in Rule 9 is identical to current § 2255(h) (including subsections (1) and (2)).

[3] The court of appeals must certify that a second or successive motion contains either newly discovered evidence such that no reasonable factfinder would have found the defendant guilty, or a new rule of constitutional law made retroactive on collateral review by the Supreme Court. § 2255(h)(1) and (2). Defendant does not allege either here, and it is clear from what is sw. *See also* docs. 542 (Government motion to unseal documents in this case which were "reports of interviews of this defendant, taken under an immunity agreement in the Southern District of Florida," previously submitted to allow this court to evaluate the claim that this case was impermissibly tainted by the immunized statements) (sought for the purpose of defending a § 2255 motion filed in the Southern District) and 543 (order granting the motion, entered on the docket on June 30, 2000).

The court has also denied previous requests for inspection of grand jury materials. Docs.454, 490, 504, and 567.

The unauthorized motion should be summarily dismissed, a certificate of appealability should not issue,[4] and leave to proceed in forma pauperis should be denied.[5]

It is therefore respectfully **RECOMMENDED** that Defendant's motion for dismissal of the indictment (doc. 674) be **SUMMARILY DISMISSED** as an attempt to file a second or successive § 2255 motion without authorization from the court of appeals, and that a certificate of appealability be **DENIED**.  It is further **RECOMMENDED** that the motion to proceed in forma pauperis (doc. 673) be **DENIED**, and that the court **CERTIFY** that any appeal is not taken in good faith for purposes of Fed.R.App.P. 24(a).

**IN CHAMBERS** at Tallahassee, Florida, on March 16, 2010.

 S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

---

[4] The court must issue or deny a certificate of appealability when it enters a final order adverse to the § 2255 movant.  § 2255 Rule 11(a) (as amended effective December 1, 2009); see also Fed.R.App.P. 22(b) (as amended effective December 1, 2009) (requiring that, if the movant appeals, the clerk send any certificate and statement made under Rule 11(a) along with the notice of appeal to the court of appeals).

[5] Defendant filed a motion to so proceed here, doc. 673, which was unnecessary as there was no fee for filing his motion for dismissal of the indictment.  Before or after an appeal is filed, this court can certify that an appeal is not taken in good faith or the party is not otherwise entitled to proceed in forma pauperis.  Fed.R.App.P. 24(a).

Case Nos. 4:90cr4051-WS and 4:10cv99-WS/WCS

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.