IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 4:90-cr-4051-WS-GRJ

NATHANIEL JAMES
_____/

**REPORT AND RECOMMENDATION**

This case is before the Court on ECF No. 765, Petitioner's Motion Seeking to Reopen His 28 § 2255 Petition Pursuant to Fed. R. Civ. P. 60(b)(6). Petitioner requests the Court to reopen his previously filed § 2255 motion arguing that extraordinary circumstances are present because a court in the Southern District of Florida recently vacated Petitioner's 1986 federal firearm conviction. For the following reasons, the undersigned recommends that the motion be denied.

The primary problem with Petitioner's motion is that the Court does not jurisdiction to address the motion because Petitioner filed a notice of appeal, ECF No. 761, appealing among other orders the Court's order denying Petitioner's § 2255 motion. In Petitioner's § 2255 motion Petitioner argued that the vacation of his 1986 firearms conviction in the Southern

District of Florida renders invalid the two level increase to Petitioner's offense level based upon Petitioner's possession of a firearm. The Court rejected this argument pointing out that the increase had nothing to do with whether Petitioner's possession of weapons was lawful or unlawful. Petitioner's current motion to reopen repeats and attempts to recycle the identical argument, this time presenting the argument in the context of Rule 60(b). Because this identical issue is pending in Petitioner's appeal this Court does not have jurisdiction to address the motion.

Furthermore, even if the Court did have jurisdiction to address the motion the motion is due to be denied because collateral attacks on the legality of a federal sentence typically must be brought under § 2255. *Darby v. Hawk–Sawyer*, 405 F.3d 942, 944 (11th Cir. 2005). Courts must look past the label of a motion in order to determine its actual legal effect and must treat the motion according to its legal effect, rather than its formal name. *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990). Rule 60(b) motions cannot be used to "evade the second or successive petition bar . . . by either adding a new ground for relief or attacking the federal court's previous rejection of a claim on the merits." *Gilbert*, 640 F.3d 1293, 1323 (11th Cir. 2011) (holding that the rule announced in

*Gonzalez v. Crosby*, 545 U.S. 524 (2005), which decided that state prisoners could not circumvent the bar on successive habeas petitions by filing Rule 60(b) motions, applies equally to federal prisoners). Therefore, when a federal prisoner seeks to "assert or reassert a claim for relief, instead of pointing out a defect in the integrity of the earlier § 2255 motion preceding in his case . . . his motion is the equivalent of a second or successive motion." *Id*.

In this case, it is clear that the instant motion is the "equivalent of a second or successive motion." *Id*. Because Defendant was denied collateral relief previously under § 2255, he is barred from seeking such relief in this Court absent prior certification from the Eleventh Circuit. 28 U.S.C. §§ 2255(h), 2244(b)(3). There is nothing in the record that reflects that Defendant has been granted leave by the Eleventh Circuit to file a second or successive motion to vacate, and thus this Court lacks the requisite authorization to entertain the claims raised in the instant motion.

Accordingly, because the Court does not have jurisdiction to address Defendant's motion the motion should be denied summarily.

Based on the foregoing, it is respectfully **RECOMMENDED**:

Petitioner's Motion Seeking to Reopen His 28 § 2255 Petition

Pursuant to Fed. R. Civ. P. 60(b)(6) should be **DENIED.**

**IN CHAMBERS** this 22nd day of August 2017.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.