IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                              CASE NO. 4:90-cr-4051-WS-GRJ

NATHANIEL JAMES,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This Court denied Defendant's §2255 motion to set aside the judgment, ECF No. 757, finding that the firearm enhancement under §2D1.1(b) of the Sentencing Guidelines was not based upon the Defendant's arrest or conviction in the Southern District of Florida but was based upon evidence that Defendant and others possessed and used firearms during the years of the conspiracy and in furtherance of it.

Defendant filed a notice of appeal, ECF No. 761, and this case is now before the Court on Defendant's motion for leave to appeal *in forma pauperis,* which has been referred to the undersigned. Although Defendant did not use the proper court forms, amendment is not necessary because Defendant's appeal is not taken in good faith.

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." *See also* Fed. R. App. P. 24(a). The Court finds that Defendant's appeal is not taken in good faith, inasmuch as Defendant has identified no nonfrivolous issue for appeal. Fed. R. App. P. 24(a)(1) (party seeking leave to appeal *in forma pauperis* must file an affidavit claiming entitlement to redress and stating issues the party intends to present on appeal). Because the Court has certified that Defendant's appeal is not taken in good faith, the motion for leave to appeal *in forma pauperis*, ECF No. 764, should be denied**.**

The Court's final order, ECF No. 757, did not address the issue of whether Defendant is entitled to a certificate of appealability. Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." "[A] certificate of appealability is required for the appeal of any denial of ... relief from a judgment in a [28 U.S.C.] § 2254 or [28 U.S.C.] § 2255 proceeding." *Jackson v. Crosby,* 437 F.3d 1290, 1294 -1295 (11th Cir. 2006).

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the Court should include in its order addressing this report and recommendation, that a certificate of appealability is denied.

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion for leave to appeal *in forma pauperis*, ecf No. 764, should be **DENIED**. Further, the Court should include in its order that a certificate of appealability is denied.

**IN CHAMBERS** this 30th day of August 2017.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.