IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.                                                  4:90cr4051–WS/GRJ

NATHANIEL JAMES,

    Defendant.

_____

ORDER DENYING DEFENDANT'S RULE 60(b) MOTION

Before the court is the magistrate judge's report and recommendation (doc. 769) docketed August 22, 2017. The magistrate judge recommends that Defendant's pending Rule 60(b) motion be denied for lack of jurisdiction. Defendant has filed objections (doc. 771) to the report and recommendation.

On October 21, 2016, Defendant filed a § 2255 motion (doc. 744), seeking a reduction in his life sentence based on new facts involving a prior conviction that was used to enhance his 1991 sentence. This court denied (doc. 757) that motion on April 12, 2017. Defendant thereafter appealed the court's April 12th decision to the Circuit Court of Appeals for the Eleventh Circuit, where it remains pending. On August 14, 2017, Defendant filed the Rule 60(b) motion that is now before this

court.

In his Rule 60(b) motion (doc. 765), Defendant seeks to reopen his original § 2255 proceedings—proceedings that ended on March 18, 1999, when this court denied Defendant's original § 2255 motion (doc. 473) as recommended (doc. 517) by the magistrate judge. Defendant contends that "this Court['s] adoption of the Magistrate Judge Report and Recommendation, in January 8, 1999, was a defect in the integrity of the federal habeas proceedings." Doc. 765, p. 5. In particular, Defendant complains that the magistrate judge relied on inaccurate information when he denied an evidentiary hearing in Defendant's 1999 § 2255 proceedings.

Although he tries to distinguish his Rule 60(b) motion from his recent § 2255 motion, the two motions in fact seek the same relief: reduction in Defendant's life sentence based on the recent vacation of his prior convictions in the Southern District of Florida. In essence, the claim that Defendant now makes is the same as that which is currently before the Eleventh Circuit. Jurisdiction over that claim lies not here but in the Eleventh Circuit.

To the extent, if any, that Defendant seeks relief different from what he sought in his recent § 2255 motion, this court lacks jurisdiction because Defendant has not requested or been granted leave by the Eleventh Circuit to file a successive motion to vacate.

Accordingly, it is ORDERED:

1. The magistrate judge's recommendation (doc. 769) is ADOPTED.

2. Defendant's Rule 60(b) motion (doc. 765) is DENIED.

DONE AND ORDERED this ___7th___ day of ___September___, 2017.


                    s/ William Stafford
                    WILLIAM STAFFORD
                    SENIOR UNITED STATES DISTRICT JUDGE