IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

vs.                              Case Nos.:    4:90cr4051/WS/GRJ
                                               4:18cv93/WS/GRJ

NATHANIAL JAMES,

## **REPORT AND RECOMMENDATION**

This matter is before the court upon "Movant's Motion under 28 U.S.C. § 2255(f)(4) Petition" and his motion to amend said petition to correct a scrivener's error in one of the dates therein.  (ECF Nos. 780, 782.)  The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After a review of the record and the arguments presented, the Court concludes that Petitioner's § 2255 motion should be denied, as the issues raised therein have already been addressed and decided adversely to him on more than one occasion.

## BACKGROUND and ANALYSIS

In 1991, Petitioner was sentenced to a term of life imprisonment after his conviction in this court on controlled substance charges. The premise of Petitioner's motion is that his sentence in this case was affected by a 1986 conviction in the Southern District of Florida on firearms charges. (S.D. Fla Case No. 86-00146-CR-Williams.) Although Petitioner had served his sentence in the 1991 case in its entirety, on February 8, 2017, via a writ of error coram nobis, the Southern District vacated all nine counts of conviction for receiving firearms as a convicted felon. (S.D. Fla. Case No. 1:16-cv-22029-KMW, ECF No. 15.) In its order, the Southern District noted the potential implication that its decision could have on Petitioner's life sentence in this district. (S.D. Fla. Case No. 1:16-cv-22029-KMW, ECF No. 15 at 2.) Petitioner claims that the instant motion is timely filed because it was filed within one year of the Southern District's order granting relief.

Petitioner has already filed multiple motions seeking review of his sentence based on the Southern District's order vacating the prior convictions, including: a "Motion Seeking to Reinstate Title 28 U.S.C. § 2255(f)(4) Proceedings" (ECF No. 752), a Motion for Reconsideration of the

district court's order denying his motion (ECF No. 758), a "Motion Requesting Leave to Expand Rule 59(e) of Fed.R.Civ.P. Motion to Seek the Appointment of Counsel" (ECF No. 759), an appeal of the denial of these motions (ECF. No. 761), a "Motion Seeking to Reopen his 28 (U.S.C.) § 2255 Petition Pursuant to Fed.R.Civ. Rule 60(b)(6)" (ECF No. 765), and objections to the recommendation that the latter motion be denied and no certificate of appealability issue (ECF Nos. 771, 774).  Both the district court and the Eleventh Circuit have expressly stated on the record that the now-vacated 1986 federal convictions had no bearing upon Petitioner's sentence in this case.  (ECF No. 757 at 2, ECF No. 781 at 4.)

Petitioner alludes to new facts that he claims he could not have brought previously.  He states that[1]:

> AUSA Richard Newsome a video tape that stems from probation violation that Petitioner has never been charged or convicted of in the State of Florida (1) that Nathanial James operated one of the largest drug organization in the state of Florida. (2) The AUSA Richard Newsome, placed untrue statements in the PSR Report at ¶ 9. (3) the AUSA Richard Newsome introduced a video tape before the eyes of the grand jury and during the course of opening statement to the eyes of the jury on the first day of trial.  The Defendant was precluded from questing the Government witnesses that was on the video tape and he was preclude from calling witnesses on his behalf.  On Dec. 21,

---

[1] The court has transcribed the Petitioner's comments as written.

Case Nos.: 4:90cr4051/WS/GRJ; 4:18cv93/WS/GRJ

1991, at the sentencing hearing. The Court imposed a four-point enhancement denying the defendant due process based upon uncharged conduct that stems from the Southern District of Florida.

(ECF No. 780 at 2.)

To the extent the court can ascertain the nature of the new claims, they either are not based upon the Southern District's order vacating the prior convictions, or, in the case of Petitioner's reference to the four-point enhancement, factually mistaken. The PSR reflects that Petitioner's total offense level of 42 was comprised of a base offense level of 36 due to the quantity of drugs attributed to him, a two-level adjustment for the possession of a firearm during the conspiracy, and a four-level adjustment because he was the organizer of a major drug organizer involving in excess of 175 people. (ECF No. 740, PSR ¶¶ 15-22.)

In sum, Petitioner is not entitled to relief, and his motion should be summarily denied.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when

Case Nos.: 4:90cr4051/WS/GRJ; 4:18cv93/WS/GRJ

it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1. The "Motion under 28 U.S.C. § 2255(f)(4) Petition," as amended, (ECF Nos. 780, 782) should be summarily **DENIED**.

Case Nos.: 4:90cr4051/WS/GRJ; 4:18cv93/WS/GRJ

2.  A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 15th day of February, 2018.

*/s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 4:90cr4051/WS/GRJ; 4:18cv93/WS/GRJ